# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Christopher R. Henley

September 8, 2000

Case No. CR99002883

BY JUDGE MARC JACOBSON

In his Motion for Exculpatory Evidence, Christopher R. Henley, by counsel, seeks "the prior criminal records of any witness to be used by the prosecution against the defendant." In oral argument, counsel for Defendant claimed that evidence of conviction for previous felony(ies) or crime(s) involving moral turpitude might be utilized for the purpose of impeaching a witness or the credibility of a witness and, therefore, falls within the *Brady* Rule.

During oral arguments, the Commonwealth's Attorney suggested that Defendant was seeking to learn the identity of the Commonwealth's witnesses, one or more of whom might be revealed, if the requested information in regard to criminal records (felonies and crimes involving moral turpitude) were provided to counsel for the Defendant prior to trial. Counsel for the Defendant indicated that he wanted the information prior to trial, and the Commonwealth's Attorney indicated that she would be willing to provide that information immediately after a witness testified, if applicable.

Counsel for Defendant argues that the information sought would allow and permit Defendant to investigate or consider such criminal record information as same might be relative to the impeachment of a given witness,

and if this information were provided only after a witness has testified, that the Defendant might be prejudiced.

In the case of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

The Virginia Court of Appeals has considered the requirement to provide the information sought by Defendant in the instant action by the Motion in the case of *Fitzgerald v. Bass*, 6 Va. App. 38 (1988), *reh'g en banc*, (vacating *Fitzgerald v. Bass*, 4 Va. App. 371 (1987)). This matter came before the Court on a denial of a habeas petition by the Circuit Court of Chesterfield County.

Fitzgerald, who had been convicted of capital murder, armed robbery, rape, abduction with intent to defile, and burglary, contended that before the trial, he requested information that could have been used to impeach a prosecution witness to whom he had allegedly made a confession. He argued that the use of the witness' testimony denied him due process of law because the Commonwealth failed to disclose certain evidence which could have been used to impeach the witness. Specifically, he contends that, upon request for such information, the Commonwealth failed to disclose that the witness had been twice convicted of sodomy in Norfolk and was on probation for such crimes when he testified against the petitioner; that the witness had various misdemeanor convictions involving moral turpitude; that he had two pending felony charges in Henrico County; that he was a paid informant for the State Police on cases not involving the petitioner; and that he was reimbursed for expenses connected with his testimony. *Id.* at 47.

The record in *Fitzgerald* revealed that before trial defense counsel requested, pursuant to *Brady*, "any and all evidence of any kind whatsoever, known by the Commonwealth's Attorney to be within the possession, custody, or control of the Commonwealth, or by the exercise of due diligence should be known by the Commonwealth's Attorney to be within the possession, custody, or control of the Commonwealth . . . which affects the credibility of any of the Commonwealth's anticipated witnesses." *Id.* at 47.

The Commonwealth responded that it was "unable to ascertain what may affect the credibility of any of the Commonwealth's witnesses," *Id.*, and further stated: "These are matters counsel must contend with at trial. While some courts recognize the requirement of materiality is met where the evidence would only affect the credibility of witnesses, Virginia is not one of those courts. . . . While this may not be an attempt to ascertain names of

Commonwealth's witnesses, it would amount to an indirect approach to that which cannot be had directly." *Id.* at 47.

The Court of Appeals described the Commonwealth's response as "clearly in error." *Id.* at 48. However, the petitioner did not request the trial court to reject the Commonwealth's position and no further attempt was made to obtain impeachment evidence. *Id.* at 48. The Court of Appeals agreed with the trial court's ruling that the petitioner's failure to object to the Commonwealth's position before trial, or on appeal, precluded consideration of the issue. *Id.* at 48.

However, in footnote 2 of its opinion, the Court of Appeals noted that "impeachment evidence . . . as well as exculpatory evidence falls within the *Brady* rule. Such evidence is 'evidence favorable to an accused' so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *Fitzgerald* at 64, n. 2 (*quoting United States v. Bagley*, 473 U.S. 667, 676 (1985) (*quoting Brady v. Maryland*, 373 U.S. 83, 87 (1963))). The Court of Appeals found that "the Commonwealth's Attorney seems to have confused the rule from *Bagley* with Virginia's policy against providing lists of prosecution witnesses, or their statements to criminal defendants." It is true that there is no general constitutional right to discovery in a criminal case. *Fitzgerald* at 64, n. 2 (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). An exception exists, however, for evidence which is considered exculpatory under *Brady*. *Fitzgerald* at 64, n. 2 (*citing United States v. Kendall*, 766 F.2d 1426 (10th Cir. 1985)).

In the case of *Moreno v. Commonwealth*, 10 Va. App. 408 (1990), the Court discusses the providing of an informant's criminal record to counsel for the defendant, which record was provided to counsel during mid-trial. In the facts set forth by the Court, it was indicated that the Commonwealth conceded that the criminal record served as impeachment evidence and that as such was exculpatory and "therefore was discoverable under *Brady*." *Id.* at 411.

In the *Moreno* case at page 415, the Court stated:

There is no general constitutional right to criminal discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). *Brady* recognized, however, that due process imposes upon the state an affirmative duty to disclose evidence that tends to exculpate an accused. *United States v. Kendall*, 766 F.2d 1426, 1440 (10th Cir. 1985), *cert. denied*, 474 U.S. 1081 (1986); *Fitzgerald v. Bass*, 6 Va. App. 38, 48, n. 2, 366 S.E.2d 615, 620, n. 2 (1988), *cert. denied*, 493 U.S. 945 (1989).

The Court went on to say:

The constitutional right to receive exculpatory evidence is not fulfilled, and a prosecutor's duty is not satisfied, simply by disclosure; timely disclosure is required. "This right guarantees an accused sufficient time to investigate and evaluate the evidence in preparation for trial."

*Id.* at 417 (citations omitted).

The *Moreno* case refers to the case of *Read v. Virginia State Bar*, 233 Va. 560, 357 S.E.2d 544 (1987), in discussing constitutional due process rights in the timing of providing of exculpatory evidence and prejudice that might be suffered by an accused for failure to timely disclose exculpatory evidence. In *Read*, the Court stated:

So long as exculpatory evidence is obtained in time that it can be used effectively by the defendant, and there is no showing that an accused has been prejudiced, there is no due process violation. It is the defendant's ability to utilize the evidence at trial, not the timing of disclosure, that is determinative of prejudice.

*Id.* at 417 (citation omitted).

It is interesting to note that the court in *Moreno* did grant the defendant a continuance after the providing of the exculpatory information or evidence during trial, albeit a short one.

In referring to the *Read* case, it should be noted that counsel for the defendant had specific knowledge of the exculpatory evidence to be provided by a witness the evening before the defendant intended to present the evidence. Therefore, the failure of the Commonwealth to disclose the exculpatory evidence to counsel for the defendant did not prejudice the defendant nor deprive the defendant of a fair trial and the defendant involved in that proceeding was able to effectively use the information known by his counsel the evening before such evidence was to be presented.

Obviously it is not known at this time if the disclosures sought by Defendant in his Motion might reveal such exculpatory information as to enable the effective use of same by Defendant at trial but this begs the issue of whether or not the providing of such exculpatory information of criminal records of those witnesses that the Commonwealth intends to call to testify at this time would yield additional exculpatory evidence and thus cause a possible constitutional due process violation.

The Court rules that the Commonwealth will be required to provide the information sought in the Motion by Defendant, limited to witnesses who have

been convicted of felonies and crimes involving moral turpitude, within two business days prior to the date of trial. The Court further rules that the following portion in *Moreno* will be applicable:

> Nevertheless, the Commonwealth is not required to disclose impeachment evidence against a person who will not be called as a witness. . . . Thus, the Commonwealth is not required to disclose a potential witness' identity simply on the basis that a possibility exists that the witness may be called to testify because of the vagaries of trial if, in fact, the Commonwealth in good faith expects not to call the person as a witness. Accordingly, the Commonwealth is not required to furnish exculpatory impeachment evidence on the contingency that a witness may be called to appear.

*Moreno,* 10 Va. App. at 415-16 (citations omitted).

If for any reason such a witness is utilized by the Commonwealth, the Commonwealth will be required to furnish counsel for Defendant the criminal record of such a witness prior to the witness testifying or at such time the Commonwealth determines such witness or witnesses will be testifying, whichever is earlier.